CARIB GAS CORPORATION OF ST. THOMAS, et al.,
Plaintiffs

v.

HESS OIL VIRGIN ISLANDS CORP., Defendant

Civil No. 1986/292

District Court of the Virgin Islands

Div. of St. Croix

December 15, 1988

Joel H. Holt, Esq., St. Croix, V.I., *for plaintiff*

Bruce Z. Marshack, Esq. (Law Offices of Britain H. Bryant), St. Croix, V.I., *for defendant*

O'BRIEN, *Chief Judge*

## ORDER

THIS MATTER is before the court on motion of plaintiff Carib Gas Corporation of St. Thomas (Carib) seeking prejudgment interest on its judgment herein. At trial, Hess Oil Virgin Islands Corp. (HOVIC) was held twenty percent responsible for the 1982 gas explosion, causing judgment to be entered against it in the

amount of $2,710,755.40. HOVIC argues that prejudgment interest should not be awarded under the circumstances of this case.[1]

We note that § 156 of the Restatement of Restitution (1937) provides a basis for a settling tortfeasor's claim for prejudgment interest on the recovery awarded against a joint tortfeasor in an action for contribution. See Nationwide Mut. Ins. Co. v. Philadelphia Elec. Co., 443 F. Supp. 1140, 1149 (E.D. Pa. 1977); W. D. Rubright Co. v. International Harvester Co., 358 F. Supp. 1388, 1394 (W.D. Pa. 1973).

§ 156. Interest.

[A] person who has a duty to pay the value of a benefit which he has received, is also under a duty to pay interest upon such value from the time he committed a breach of duty in failing to make restitution if, and only if:
(a) the benefit consisted of a definite sum of money, or
(b) the value of the benefit can be ascertained by mathematical calculation from the terms of an agreement between the parties or by established market prices, or
(c) payment of interest is required to avoid injustice.

Pursuant to § 156(a) and (b) the sum sought in contribution must nearly be a sum certain. Carib paid approximately 13.5 million dollars to the settling plaintiffs in the prior lawsuit, to which HOVIC was not a party. Directly before trial in the present case HOVIC stated it would not contest the reasonableness of the settlement.

In the Virgin Islands, joint tortfeasors are liable to each other only for their respective proportional fault.[2] Thus HOVIC's pro rata share of the 13.5 million dollar settlement was not ascertainable until determined at trial by the jury to be twenty percent. We distinguish Nationwide, supra and Rubright, supra,[3] from the

---

[1] We note that this issue has been briefed by (1) a "Trial memorandum re interest ..." and a response by HOVIC; (2) a "supplemental memorandum re prejudgment interest" and a response by HOVIC; (3) a "second supplemental memorandum re prejudgment interest" and a response by HOVIC; and (4) a "third supplemental memorandum re prejudgment interest". This amount of paperwork is excessive and uncalled for. V.I. Code Ann. tit. 5, App. V, Rule 6(e) and (f) allows for a motion and an opposing motion, and we customarily allow for one reply. Further filings are permitted only by leave of court.

[2] V.I. Code Ann. tit. 5, § 1451(d).

[3] In Nationwide, supra and Rubright, supra, the courts considered the same question of entitlement to prejudgment interest. The Rubright court examined § 156 and held the nonsettling tortfeasor did not owe prejudgment interest. Four years

instant case since in both cases it appears that an automatic fifty-fifty liability was accorded between the joint tortfeasors upon the finding that the defendant was a joint tortfeasor, i.e., the only issue was liability, not additionally, how much. HOVIC, however, contested both liability and any apportionment of fault. Likewise, Carib never claimed a certain percentage of settlement was owed by HOVIC until closing argument. We cannot find that the amount claimed by Carib was a sum certain or easily ascertainable by mathematics or market references.

Section 156(c) authorizes the award, nevertheless, if necessary to avoid injustice. Of course, interest, as damages, is normally awarded to place one in the position he would have been had he not been forced to legal action, i.e., to make him whole. We realize that Carib has been without the benefit of monies it paid on behalf of HOVIC, which has also benefited HOVIC. On the other hand HOVIC was not a party in the prior lawsuit nor privy to any settlement negotiations. Carib settled all the prior plaintiffs' claims on behalf of *all potential joint tortfeasors*, including HOVIC, of its own free will and design. Any benefit conferred on HOVIC was by the conscious choice of Carib. This does not qualify as an injustice.[4,5]

Accordingly we find that the circumstances of this case do not warrant an award of prejudgment interest. The premises considered, now therefore it is

ORDERED:

THAT plaintiff Carib's motion for an award of prejudgment interest is DENIED.

---

later Nationwide following the opinion in Rubright, found that the facts before them indicated prejudgment interest was appropriate. Needless to say HOVIC and Carib argue the case which favors them is the better reasoned.

[4] Carib also cites Pennsylvania R. R. Co. v. Erie Avenue Warehouse Co., 302 F.2d 843 (3d Cir. 1962) in support of its request for prejudgment interest. In that case, however, the parties there had agreed by contract to rights in contribution, and the recovery of interest was contractual rather than equitable. Id. at 849.

[5] Of interest, is the fact that prejudgment interest is not allowed in tort actions. Restatement (Second) of Torts § 913(2). We have previously analyzed this action as a determination of liability and apportionment, much as would have been determined had the original lawsuit gone to trial. Carib would not have had to pay prejudgment interest to the original plaintiffs. Likewise it would not seem just to award interest to Carib.